IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILBURT REESE AND MARKCO ODDS | * | CIVIL ACTION |
| | * | NO.: 2:18-cv-08336 |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| | * | JUDGE: ELDON E. FALLON |
| GREAT WEST CASUALTY COMPANY, | * | |
| MILLER TRANSPORTATION | * | MAGISTRATE: KAREN |
| SERVICES, INC., AND LEROY CALDWELL | * | WELLS ROBY |
| | * | |
| | * | JURY TRIAL REQUESTED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ANSWER TO PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel comes defendant, LEROY CALDWELL (CALDWELL), who respond to the Petition for Damages filed by WILBURT REESE AND MARKCO ODDS (PLAINTIFFS) by denying each and every allegation therein, except as especially admitted as follows.

1.

Allegations in paragraph one of PLAINTIFFS' COMPLAINT are denied except that CALDWELL admits the date and parish of the alleged minor accident.

2.

Allegations in paragraph two of PLAINTIFFS' COMPLAINT, including subparts A) through C), are denied except CALDWELL admits his name and status.

3.

Allegations in paragraph three of PLAINTIFFS' COMPLAINT are denied except that CALDWELL admits that jurisdiction is proper.

4.

Allegations in paragraph four of PLAINTIFFS' COMPLAINT are denied except that CALDWELL admits that venue is proper.

5.

Allegations in paragraph five of PLAINTIFFS' COMPLAINT are admitted.

6.

Allegations in paragraph six of PLAINTIFFS' COMPLAINT are admitted.

7.

Allegations in paragraph seven of PLAINTIFF'S Petition for Damages are admitted.

8.

Allegations in paragraph eight of PLAINTIFF'S Petition for Damages are denied.

9.

Allegations in paragraph nine of PLAINTIFFS' COMPLAINT are denied.

10.

Allegations in paragraph 10 of PLAINTIFFS' COMPLAINT are denied as written.

11.

Allegations in paragraph 11 of PLAINTIFFS' COMPLAINT are denied, except that CALDWELL admits that the vehicle he was operating at the time of the incident was owned by MILLER and CALDWELL admits that he was within the course and scope of his employment with Miller on September 5, 2017.

12.

Allegations in paragraph 12 of PLAINTIFFS' COMPLAINT, including those allegations in subparagraphs (a) through (l), are denied.

13.

Paragraph 13 of PLAINTIFFS' COMPLAINT does not contain factual allegations, but rather purports to state the law and therefore, does not require an answer of CALDWELL.

In an abundance of caution, to the extent that an answer may be required, CALDWELL admits that he was an employee of MILLER at the time of the incident giving rise to this litigation and was acting within the course and scope of his employment.

The remaining allegations are denied.

14.

Allegations in paragraph 14 of PLAINTIFFS' COMPLAINT do not require an answer of CALDWELL.

To the extent that an answer may be required, the allegations are denied as written.

15.

Allegations in paragraph 15 of PLAINTIFFS' COMPLAINT does not require an answer of these DEFENDANTS; however, to the extent that an answer may be required, those allegations are denied.

16.

Allegations in paragraph 16 of PLAINTIFFS' COMPLAINT are denied.

17.

Allegations in paragraph 17 of PLAINTIFFS' COMPLAINT, including subparts a) through h), are denied.

18.

Allegations in paragraph 18 of PLAINTIFFS' COMPLAINT are denied.

19.

Allegations in paragraph 19 of PLAINTIFFS' COMPLAINT are denied.

20.

Allegations in paragraph 20 of PLAINTIFFS' COMPLAINT, including subparts a) through h), are denied.

**AND NOW,** in further answer to the allegations of the Plaintiffs' Petition for Damages, CALDWELL respectfully says as follows:

21.

The incident giving rise to this litigation was caused, in whole or in part, by the negligence or fault of third parties over whom CALDWELL had no control and for whose conduct CALDWELL bears no legal liability.

22.

In the event that CALDWELL is found to owe payments to PLAINTIFFS, which is at all times denied, CALDWELL is entitled to an offset or credit for all payments made to PLAINTIFF by them or any other party to this litigation or payments made by any other company as a result of the incident involved in the subject of this dispute.

23.

The incident giving rise to this litigation was caused, in whole or in part, by the negligence or fault of WILBURT REESE**,** in the following nonexclusive particulars:

    A.    Failure to keep a proper look out;

    B.    Failure to do what should have been done so as to avoid the incident;

  C.  Failure to see what should have been seen and react accordingly to avoid the incident; and

  D.  Any other acts of negligence or fault which may be proven at the trial on the merits.

<div align="center">24.</div>

PLAINTIFFS' claims are barred and/or alternatively reduced due to the failure of PLAINTIFFS to mitigate, minimize or abate their alleged damages.

<div align="center">25.</div>

CALDWELL asserts that the PLAINTIFFS'S individual claims for damages do not exceed SEVENTY-FIVE THOUSAND AND NO/100 ($75,000) DOLLARS. In the alternative, and only if it is determined that the PLAINTIFFS'S individual claims for damages exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000) DOLLARS, which is specifically denied, then the CALDWELL is entitled to and request a trial by jury.

<div align="center">26.</div>

In the alternative, and only in the event that CALDWELL is found negligent or at fault in this incident, which is at all times denied, CALDWELL avers that the acts of negligence espoused against him are acts of comparative negligence, all of which operate to reduce the amount of damages recoverable by the PLAINTIFFS in proportion to the degree or percentage of negligence attributable to them.

<div align="center">27.</div>

Further answering, CALDWELL avers that REESE'S claims are barred or alternatively reduced pursuant to La. R.S. 32:866 in the event that REESE did not have compulsory motor vehicle insurance at the time of the accident.


28.

In the alternative, in the event CALDWELL is held liable to the PLAINTIFFS, then CALDWELL avers that to the extent to which PLAINTIFFS may have received payments and/or payments were made on behalf of the PLAINTIFFS for medical or other expenses allegedly related to the subject accident under any policies of health, accident or other insurance, Medicare/Medicaid benefits, or has been treated in any charity hospital or other federally or state supported hospital, such that their rights of recovery have been legally or conventionally subrogated or assigned to others, PLAINTIFFS no longer has any cause or right of action for the recovery of any amounts so paid.

29.

In the alternative, in the event CALDWELL is held liable to PLAINTIFFS and to the extent the PLAINTIFFs or their attorneys received reductions or discounts for any medical charges allegedly incurred as a result of the subject accident, CALDWELL avers any charges reduced pursuant to a Medicaid "write-off," an attorney-negotiated discount, and/or a medical management company reduction are not recoverable.

30.

To the extent applicable to the facts of this case as they pertain to CALDWELL and the claims of PLAINTIFFS, CALDWELL asserts all of the affirmative defenses listed in Article 1005 of the Louisiana Code of Civil Procedure and/or recognized by Louisiana law if supported by the facts of this case as they pertain to CALDWELL.

31.

CALDWELL denies solidary liability with any other party or person.

**WHEREFORE**, premises considered LEROY CALDWELL prays that his answer to PLAINTIFFS' Complaint be deemed good and sufficient and that the demands of the PLAINTIFFS be dismissed at the PLAINTIFFS' cost.

**AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.**

Respectfully submitted,

The Dill Firm, A.P.L.C.

  */s/ David R. Rabalais*
DAVID R RABALAIS (Bar Roll No. 17759)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 229
Facsimile: (337) 261-9176
Email: DRabalais@dillfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of December 2018, a copy of the foregoing Notice of Removal Certification was filed electronically with the Clerk of Court using the CM/ECF system.   Notice of this filing will be sent to Plaintiffs' counsels of record, namely Jason Baer, Casey Dereus, and Joshua Stein, via United States Mail properly addressed to 701 Poydras Street, Suite 3950, New Orleans, Louisiana 70139 and, namely, Vanessa Motta, via United States Mail properly addressed to Motta Law, LLC, 525 Clay Street, Kenner, Louisiana 70062 with sufficient postage affixed thereon.

  */s/ David R. Rabalais*
DAVID R. RABALAIS